IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01038-BNB

DONALD S. THURSTON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (entity),
UNKNOWN COLORADO DEPARTMENT OF CORRECTIONS SUPERVISOR,
CAPTAIN RODNEY ACHEN (D.O.C. Supervisor),
PHYSICIAN HEALTH PARTNERS (Entity),
UNKNOWN PHYSICIAN HEALTH PARTNERS STAFF,
C.D.O.C. CLINICAL SERVICES DEPARTMENT (Entity),
UNKNOWN C.D.O.C. CLINICAL SERVICES DEPARTMENT STAFF AND
    PROVIDERS,
CHARLES J. SCHOEPHOERSTER, PA, Provider, Clinical Services,
ROY HAVENS, Provider, Clinical Services,
ANTHONY A. DECESARO, Grievance Officer, C.D.O.C., and
LANCE MIKLICH, Officer, C.D.O.C.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Donald S. Thurston, currently is incarcerated at the Arizona State Prison Complex in San Luis, Arizona. He filed *pro se* a Prisoner Complaint (ECF No. 1, ex. 1) for money damages in the United States District Court for the District of Arizona (District of Arizona), which transferred the case to this Court on April 17, 2013, where it was filed on April 19, 2013. The District of Arizona granted Mr. Thurston leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe liberally the Prisoner Complaint because Mr. Thurston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thurston will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Thurston's complaint is unnecessarily prolix. He asserts three claims for relief concerning an injury and lack of medical treatment for the injury. In order to state a claim in federal court, Mr. Thurston "must explain what each defendant did to him or

her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Thurston should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Thurston must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat

superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Thurston is suing a grievance officer, Anthony A. DeCesaro, whose only apparent involvement in the alleged constitutional violations was to deny a grievance.  Such allegations are not sufficient to hold this Defendant liable under § 1983.  "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Mr. Thurston may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Thurston uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Thurston is suing improper parties.  He may not sue the DOC or its clinical

services department for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Finally, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Thurston will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court

finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Thurston will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Donald S. Thurston, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court as discussed in this order. It is

FURTHER ORDERED that Mr. Thurston shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Thurston fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED April 29, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

7