IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01038-BNB

DONALD S. THURSTON,

    Plaintiff,

v.

ROY HAVENS for Clinical Services,
SGT. STRINGARI, C.D.O.C. Officer,
CPT. RODNEY ACHEN, C.D.O.C. Officer,
UNKNOWN COLORADO DEPARTMENT OF CORRECTIONS STAFF,
UNKNOWN PHYSICIAN HEALTH PARTNERS STAFF,
UNKNOWN CLINICAL SERVICES STAFF AND PROVIDERS,
B. WOODCOCK, R.N. for Clinical Services,
E. WHITTAKER, R.N. for Clinical Services, and
CHARLES J. SCHOEPHOERSTER, PA for Clinical Services

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Donald S. Thurston, currently is incarcerated at the Arizona State Prison Complex in San Luis, Arizona.  He filed *pro se* a Prisoner Complaint (ECF No. 1, ex. 1) for money damages in the United States District Court for the District of Arizona (District of Arizona), which transferred the case to this Court on April 17, 2013, where it was filed on April 19, 2013.  The District of Arizona granted Mr. Thurston leave to proceed pursuant to 28 U.S.C. § 1915.

    On April 29, 2013, the Court ordered Mr. Thurston to file within thirty days an amended complaint on the Court-approved Prisoner Complaint form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged the

personal participation of each named Defendant in the asserted constitutional violations, and sued the proper parties.   On May 28, 2013, Mr. Thurston submitted an amended Prisoner Complaint.

The Court must construe liberally the amended Prisoner Complaint because Mr. Thurston is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Thurston will be ordered to file a second and final amended Prisoner Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the amended Prisoner Complaint and finds that, like the Prisoner Complaint Mr. Thurston originally filed, it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As the Court informed Mr. Thurston in the April 29 order, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Thurston's amended complaint is vague and conclusory.  He again asserts three claims for relief concerning an injury and lack of medical treatment for the injury.  However, he has failed to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  As the Court previously explained, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Thurston must explain how each Defendant allegedly violated his constitutional rights.  He may not simply name Defendants in the caption or body of the complaint, or make generalizations in the text of his claims as to Defendants' supposed involvement in constitutional violations.

As the April 29 order made clear, personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Thurston must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Although the April 29 order explained that Mr. Thurston may use fictitious names, such as "John or Jane Doe," Mr. Thurston has failed to provide sufficient information about each defendant so that the defendant can be identified for purposes of service.  Mr. Thurston's vague references to Defendants such as "Unknown Colorado Dept. of Corrections Staff," "Unknown Physician Health Partners Staff," and "Unknown Clinical Services Staff and Providers" fail to provide the Court with sufficient information to effect service.  These references also are insufficient to demonstrate personal participation.  Moreover, Mr. Thurston also must provide an address for each named Defendant in order for the Court to effect service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Thurston will be given a final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the second and final amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Donald S. Thurston, file **within thirty (30) days from the date of this order** a second and final amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Thurston shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second and final amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Thurston fails to file a second and final amended Prisoner Complaint that complies with this order within the time allowed, the amended Prisoner Complaint and the action will be dismissed without further notice.

DATED June 6, 2013, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge