IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01038-RBJ-BNB

DONALD S. THURSTON,

Plaintiff,

v.

SGT. STRINGARI, C.D.O.C. Officer,
CPT. RODNEY ACHEN, C.D.O.C. Officer,
CHARLES J. SCHOEPHOERSTER, PA, Clinical Services,
R. WOODCOCK, RN, Clinical Services,
E. WHITTAKER, RN, Clinical Services,
ROY HAVEN, Provider, Clinical Services, and
UNKNOWN CLINICAL SERVICES STAFF in Colorado Territorial Correctional Facility,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Second Amended Prisoner Complaint on July 2, 2013 [Doc. #8] (the "Complaint").  He named E. Whittaker as one of the defendants and provided as her address the Colorado Territorial Correctional Facility.  On July 16, 2013, the Clerk's Office mailed a copy of the Summons and Complaint and a request for waiver of service [Doc. #11] to the Colorado Department of Corrections ("DOC").  On July 22, 2013, Teresa Reynolds, Legal Access Group Leader of the DOC Office of Legal Services, waived service for several defendants [Doc. #12].  Ms. Reynolds did not waive and accept service for defendant Elizabeth Whittaker, nor did she provide a forwarding address.  Ms. Reynolds explained that defendant Whittaker was no longer a DOC employee.

On August 6, 2013, Ms. Reynolds filed under Restriction Level 3 the last known address

for defendant Whittaker [Doc. #17]. The district judge ordered the United States Marshal to serve defendant Whittaker at that address [Doc. #16]. On September 19, 2013, the United States Marshal filed a Process Receipt and Return for defendant Whittaker [Docs. ##22 and 23] which indicates that the Marshal was unable to affect service on this defendant because she does not reside at the address provided by Ms. Reynolds.

On September 25, 2013, I ordered the plaintiff to show cause on or before October 24, 2013, why the Complaint should not be dismissed as against defendant Whittaker for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event that no such showing was made, I would enter a recommendation to the district judge that the action be dismissed, without prejudice, against defendant Whittaker for failure to prosecute. The plaintiff has not responded to my show cause order.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as against defendant Whittaker for failure to prosecute.[1]

Dated December 2, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).